The STATE of Oklahoma, Appellant,

v.

Chris C. POLK, Appellee.

No. S-95-1164.

Court of Criminal Appeals of Oklahoma.

June 17, 1997.

Chris C. Polk, pro se at Trial.

No Appearance by Appellee on Appeal.

Don R. Deaver, Associate District Attorney, Mangum, for the Appellant at Trial.

Ricky A. McPhearson, Assistant District Attorney, Arapaho, for Appellant on Appeal.

### OPINION

JOHNSON, Judge.

The State of Oklahoma appeals on a reserved question of law pursuant to 22 O.S. 1991, § 1053. Chris C. Polk, Appellee, was charged with parking his vehicle without a trailer in an area of Quartz Mountain State Park clearly posted for use only by vehicles with boat trailers in violation of 47 O.S.1991, § 11-1003(a)14 in the District Court of Greer County, Case No. TR-95-486. In a Bench Trial held July 24, 1995, the Honorable Charles L. Schwabe, Associate District Judge, dismissed the charge against Appellee, finding, in part:

4. In section 11-1009, the [L]egislature makes parking contrary to the instructions of official signs a civil offense with a civil penalty of $5.00. In sections 11-1003(a)14 and 17-101(b), the [L]egislature makes the same conduct at any other state property a misdemeanor crime with a fine ranging from $10.00 to $100.00 or confinement for up to ten days, plus court costs of $80.00. Clearly, there is significant discrimination in classifying the same behavior as criminal in one location and as a mere civil offense in another with a vast disparity in consequences.

6. The fact that the law treats all violators at Quartz Mountain State Park equally and all violators at the three locations specified in section 11-1009 equally does not justify different treatment of the same behavior in different

**526**

locations subject to the [L]egislature's authority.

7. Although equal treatment under the law is a norm and an ideal, there is authority for rationally based discrimination. There appears to be no rational basis in this situation.

8. Presuming no intent on the part of the [L]egislature to irrationally discriminate between visitors to Quartz Mountain State Park and other locations, it is found that by classifying parking violations on state property as civil offenses in section 11–1009, the [L]egislature did by implication reclassify similar parking violations on state property covered by section 17–101(b) as civil offenses. It is further found because section 11–1009 is limited in the civil penalties it prescribes to three specified locations, that the penalties therein may not be applied at Quartz Mountain State Park.

The State has perfected this appeal.

The State of Oklahoma asks this Court to find that the Oklahoma Legislature did not, by its passage of 47 O.S.1991, § 11–1009, by implication, reclassify all parking violations on State property as civil offenses without prescribing a penalty. A review of the legislative history of the statutes in question reveal that 47 O.S.1991, § 11–1003, entitled "Stopping, standing or parking prohibited in specified places," was enacted in 1961 with no substantial changes to date.[1] The Legislature set out fourteen designated prohibited areas. Penalties for violation of this act are set forth in 47 O.S.1991, § 17–101.[2] Title 47 O.S.1991, § 11–1009, entitled "Parking on certain state property prohibited—Procedure for enforcement and appeal," was enacted in 1982 with no substantial changes to date.[3]

■ First, it is presumed that a law passed by the Legislature is constitutional. *State v. Hunter,* 787 P.2d 864, 865 (Okl.Cr. 1990). Further, it should be noted that the Legislature carved out a specific *area* but did not treat *any people* differently. This is clearly not a violation of the equal protection clause. It makes common sense that areas may well be different (such as those set out in 47 O.S.1991, § 11–1009) versus people. A clear rational basis applies to these statutes. The Legislature did not intend to treat persons differently but only places; no violation.

By the enactment of § 11–1009, it is clear the Legislature intended to carve out specific exceptions for the State Capitol Complex, the Cowboy Hall of Fame Park, and the State Capitol Complex in Tulsa. All other violations are contemplated under the purview of § 11–1003(a)14. We do not agree with the trial court's characterization of these legislative enactments as constituting unequal treatment under the law. Nor do we agree with the trial court that the imposition of different penalties for similar offenses is "irrationally discriminatory."

The imposition of the penalty applies to *all* individuals who violate the statutes. *Any and all* individuals who violate a parking

---

1. 47 O.S.1991, § 11–1003 reads as follows:

A. No person shall stop, stand or park a vehicle, except when necessary to avoid conflict with other traffic or in compliance with law or the directions of a police officer or traffic-control device, in any of the following places:
(1)–(14) [not set forth]

2. § 17–101. Penalties for misdemeanor—Plea of guilty by written statement—Acts not otherwise punishable by imprisonment

(a) It is a misdemeanor for any person to violate any of the provisions of this title unless such violation is by this title or other law of this state declared to be a felony.
(b) 1. Every person convicted of a misdemeanor for a violation of any of the provisions of Sections 10–101 through 14–121 or Sections 16–101 through 16–114 of this title for which another penalty is not provided shall for a first conviction thereof be punished by a fine. . . .

3. 47 O.S.1991, § 11–1009 reads as follows:

A. No person shall place, stop, park, or stand any vehicle including trailers or implements of husbandry contrary to any official sign reserving, *restricting, or regulating the placing, stopping, standing, or parking* of a vehicle within the boundaries of the following:
1. State Capitol Park as defined in Section 1811.4 of Title 74 of the Oklahoma Statutes;
2. Cowboy Hall of Fame Park; and
3. State Capitol Complex in Tulsa.
B. The Department of Public Safety shall be responsible for the enforcement of Subsection A of this section.

prohibition at the State Capitol, the Cowboy Hall of Fame, or the State Capitol Complex in Tulsa are subject to a civil penalty. Similarly, *any and all* individuals who violate the provisions of § 11–1003(a)14, under which Appellee was charged, are subject to the penalties provided in § 17–101. The trial court misunderstands the application of equal protection if it bases its rationale on the different treatment of the parking areas. The equal protection clause does not protect parking lots, it protects people. *See Plyler v. Doe,* 457 U.S. 202, 216, 102 S.Ct. 2382, 2394, 72 L.Ed.2d 786, 798 (1982). We find that the Legislature did not, implicitly or otherwise, reclassify all parking violations on State property as civil offenses by its enactment of § 11–1009. The "Findings and Judgment" of the trial court is in error.

**RESERVED QUESTION OF LAW ANSWERED.**

CHAPEL, P.J., concurs in results.

STRUBHAR, V.P.J., and LUMPKIN and LANE, JJ., concur.

Chapel, P.J., and Lane, J., concurred in results.

Lumpkin, J., specially concurred and filed opinion.